UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| RAMON DIAZ, | ) |
| Plaintiff, | ) Civil Action No. 6: 04-607-DCR |
| V. | ) |
| D. L. STINE, et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Ramon Diaz, in essence, alleges in this civil action violations of his: (1) First Amendment right of access to the courts; (2) Sixth Amendment right to the effective assistance of counsel on his first criminal appeal; (3) Fourth Amendment right to be free from an illegal search and seizure; and (4) Fourteenth [and Fifth] Amendment due process rights. These claimed violations are based upon assertion that: (a) Diaz's incoming "legal mail" has been opened outside his presence; (b) the incoming copy of his Presentence Investigation Report from his appellate attorney, Daniel G. Van Norman, was removed; and (c) he has not been permitted to possess his PSI for reference in preparation of his appeal.

<u>Named Defendants - Personal Involvement/Proximate Cause</u>

By Order dated April 4, 2005, the Court gave Diaz an opportunity to submit the names of the SIS officers he intended to name in his Complaint. By Response filed April 8, 2005 [Record No. 9], he identified: Sheila Mattingly, James Huff, Lt. Joyner, and Officer Gill "Unknown." Diaz, however, failed to allege with any degree of specificity which of these SIS officers allegedly opened his incoming legal mail outside of his presence, on what dates this happened, and who he specifically contends removed the copy of his Presentence Investigation Report from his attorney's

incoming mail. It is unclear whether Diaz is merely sending a "laundry list" of SIS officers, or whether he is accusing one or more of the named officers of performing one or more of the complained-of actions and, if so, which officer was accused of having committed which complained-of action. As a result, Diaz was given ten days to clarify his pleadings. Further, the Plaintiff was put on notice that failure to comply in a timely manner would result in the dismissal of this action.

Diaz filed an affidavit [Record No. 12] in response to the Court directive. Through this affidavit and attached documents, he has again provided the name of each member of the "(SIS) personel [sic] Department." He states that on October 14, 2004, a letter previously written by him arrived at Attorney Daniel G. Van Norman's office. Diaz requested that Van Norman provide him with unspecified "items." By letter of October 19, 2004, Van Norman mailed the "items" to the plaintiff. On October 22, 2004, a BP-S328.058 Federal Bureau of Prisons form was created by Legal Technician K. Williams, ISO, to document that Diaz's PSI included in his unspecified incoming attorney/client mail had been returned to Attorney Van Norman, but what may have been Van Norman's October 19, 2004 letter accompanying that PSI had been delivered to Diaz. The PSI was deemed by Williams' report to be "unauthorized material" that was "no longer allowed for inmate possession."

On October 25, 2004, a letter from Van Norman's office was received at USP-McCreary. On November 1, 2004, Diaz wrote to Van Norman, apparently complaining that the PSI had not been delivered to him with Van Norman's letter. On November 8, 2004, Van Norman appears to have again mailed the PSI to Diaz. However, it was again returned to the attorney.

Although Diaz has again identified Sheila Mattingly, James Huff, Lt. "Unknown" Joyner, and Officer Gill "Unknown" as defendants to this action, he has failed to establish the personal

involvement of any of these defendants to the complained of actions. His allegations that these individuals are the personnel who work in the mail room fail to establish that any particular person proximately caused the return of his PSI report to Van Norman. Diaz's pleading [Record No. 12] has not cured the deficiencies of his Complaint. Therefore, this action may not go forward against Sheila Mattingly, James Huff, Lt. "Unknown" Joyner, and Officer Gill "Unknown."

Diaz has clarified that K. Williams, ISO, is responsible for having determined that his PSI was to have been confiscated and returned. Thus, he has established that K. Williams, ISO, is a properly-named Defendant in this action. Consequently, K. Williams, ISO, will remain as a Defendant insofar as Diaz may show that he has stated a claim and has properly exhausted his administrative remedies.

Exhaustion of Administrative Remedies

A prisoner must exhaust his or her grievance procedures before filing suit in federal court. *Wyatt v. Leonard*, 193 F.3d 876 (6th Cir. 1999); *Lavista v. Beeler*, 195 F.3d 254 (6th Cir. 1999) (Federal prisoners must exhaust their available administrative remedies, as required by 42 U.S.C. section 1997e(a), before bringing a *Bivens* claim in federal court.) The obligation to exhaust administrative remedies before resort to federal court is mandatory. *Curry v. Scott,* 249 F.3d 493 (6th Cir. 2001).

Prisoners filing a civil rights action involving prison conditions must allege and show that they have exhausted all available administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998) (applying 42 U.S.C. section 1997e(a) to a 42 U.S.C. section 1983 action). Prisoners so filing should attach to the complaint the administrative decision showing the disposition of the subject complaint. *Id*. A prisoner must show that his claims have been exhausted by attaching a

copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Humphries v. Smith*, 248 F.3d 1149 (6th Cir. 2001) (unpublished disposition) (citing *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000)).

While not jurisdictional, however, the PLRA exhaustion requirement "is mandatory and must be addressed in the first instance by the district court in all prisoner civil rights cases–before the merits of the case are addressed." *Curry v. Scott*, 249 F.3d 493, 501 (6th Cir. 2001) (citing *Clark v. Beebe*, 1999 WL 993979 (6th Cir. Oct. 21, 1999)). Substantial compliance with the PLRA's exhaustion requirement is insufficient. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001) (citing *Booth v. Churner*, 531 U.S. 956, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)). Therefore, a district court must dismiss, without prejudice, claims which may be potentially meritorious but which have not been exhausted through the prison's administrative remedies procedures so as to allow a plaintiff an opportunity to exhaust administrative remedies. *Dellis v. Corrections Corporation of America*, 257 F.3d 508 (6th Cir. 2001) (citing *Booth v. Churner*, 531 U.S. 956, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)).

The administrative remedies available to inmates confined in Bureau of Prisons institutions are set out at 28 C.F.R. §§542.10-.16 (1987). Section 542.13(a) requires that an inmate informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written complaint "within fifteen (15) calendar days of the date on which the basis of the complaint occurred." *See* §542.13(b). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director, and, if not satisfied with the

Regional Director's response, the inmate may appeal that decision to the Office of General Counsel. *See* §542.15.

Here, Diaz alleges he has exhausted his BP-9, BP-10, and BP-11. Attached to the complaint are copies of: (1) his December 16, 2004 BP-8 request for a copy of his presentence investigation report; (2) his December 20, 2004 BP-8 informal resolution administrative remedy request; (3) a copy of his December 30, 2004 BP-9; and (4) USP McCreary's January 5, 2005 rejection of the plaintiff's December 30, 2004 BP-9 regarding his PSI and legal mail.

No evidence is included in the record to substantiate that Diaz has exhausted his BP-10 and BP-11 administrative remedies. No account is given of the contents of those purported requests for administrative remedy or the BOP's responses. Thus, Diaz has not met the requisite standards for establishing that he has exhausted his administrative remedies regarding the asserted claims. As a result, Diaz's claims should be dismissed for failure to exhaust administrative remedies. *See Torres v. Story,* 859 F.2d 922 (Table), 1988 WL 103341 (6th Cir. (Ky.)) (citing *see Davis v. Keohane*, 835 F.2d 1147, 1148 (6th Cir. 1987)).

<u>The Merits</u>

Diaz objects to the Federal Bureau of Prisons' promulgation of Program Statement 1351.05 at 15 ¶12(a)(2)(d) (2002) ("P.S. No. 1351.05"), prohibiting inmates from obtaining or possessing copies of their presentence reports. The BOP "implemented this prohibition in response to an emerging problem where inmates pressure other inmates for a copy of their Presentence Report to learn if they are informants, gang members, or have financial resources." *Sample v. Watts,* 100 Fed. Appx. 317, 2004 WL 1255359 (5th Cir. (Tex.)). Reportedly, P.S. No. 1351.05 was implemented to "improve security because some inmates, looking for informants, pressured other prisoners to

reveal the contents of their PSRs. While forbidding inmates to maintain copies of PSRs may inconvenience some prisoners, they can still access PSRs through an established process." *Smith v. LeBlanc*, 2003 WL 23101806 (D. Minn.) (Not Reported in F.Supp.2d) (*citing* Program Statement 1351.05 (2002) at ¶6; *see also* P.S. No. 1351.05 at 16-18).

In this case, Diaz is without standing to bring this action, as he has not shown that he has experienced an actual injury as a result of not being able to possess his PSR. *See Rodley v. Lappin*, 93 Fed.Appx. 236, 2004 WL 759488 (D.C.Cir., April 6, 2004). Further, to the extent that Diaz alleges his First Amendment right of access to the courts has been abridged because he has not had possession in his cell of his PSR in order to prepare his criminal appeal, he cannot claim denial of access to the courts because he has not yet attempted to initiate a collateral attack of his conviction and has not sustained an actual injury or suffered any resulting prejudice. *United States v. Pugh*, 69 Fed.Appx. 628, 2003 WL 21640504 (4th Cir. (W. Va.)); *Smith v. LeBlanc*, 2003 WL 23101806 (D. Minn.) (Not Reported in F.Supp.2d).

## CONCLUSION

For the reasons discussed herein, it is **ORDERED** that this action shall **DISMISSED**, *sua sponte*, and stricken from the Court's docket. Further, Judgment shall be entered this date in the Defendant's favor. The Court **CERTIFIES** that any appeal would not be taken in good faith.

This 28th day of April, 2005.



Signed By:
Danny C. Reeves DCR
United States District Judge